| | |
|---|---|
| Bonnie White<br>1108 Community Drive<br>Scranton, PA 18504<br><br>     Plaintiff<br><br>v.<br><br>Crown Asset Management, LLC<br>3100 Breckinridge Blvd., Suite 725<br>Duluth, GA 30096<br><br>     Defendant | Court of Common Pleas of Lackawanna<br>County – Civil Action<br><br>Case No. 21-CV-304<br><br><br><br><br><br><br>Jury Trial Demanded |

## NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

Northeastern Pennsylvania Legal Services<br>
33 North Main Street, Suite 200<br>
Pittston, PA 18640<br>
Telephone (570) 299-4100

| | |
|---|---|
| Bonnie White,<br>　　　　　　　Plaintiff<br>v.<br><br>Crown Asset Management, LLC,<br>　　　　　　　Defendant | Court of Common Pleas of Lackawanna County – Civil Action<br><br>Case No. _____-CV-_____<br><br>Jury Trial Demanded |

## COMPLAINT

### I. Introduction

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act") which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

### II. Jurisdiction

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3. Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### III. Parties

4. Plaintiff, Bonnie White, fka Bonnie A. Siegfried, is a natural person residing at 1108 Community Drive, Scranton, PA 18504.

5. Defendant, Crown Asset Management, LLC, ("Crown") is a limited liability company with a place of business located at 3100 Breckinridge Blvd., Suite 725, Duluth, GA 30096.

6. Crown uses the mail in its business.

7. The principal purpose of Crown's business is the collection of debts.

8. Crown has reason to believe that a non-trivial portion of the accounts that it

collects are for obligations for which the money, property, insurance or services which were the subjects of the transactions were primarily for personal, family, or household purposes.

9. Crown has reason to believe that it is probably true that the principal purpose of its business is the collection of "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. The principal purpose of Crown's business is the collection of "debt" as that term is defined by 15 U.S.C. § 1692a(5). *See Barbato v. Greystone Alliance, LLC*, 916 F.3d 260, 267 (3d Cir. 2019).

11. Crown regularly attempts to collect debts asserted to be due to another. The term "debt" is used in this allegation as that term is defined by 15 U.S.C. § 1692a(5).

12. Crown's website says, "Crown Asset Management, LLC is recognized by RMAI as a "Certified Professional Receivables Company" with extensive experience acquiring distressed consumer receivables. " https://www.crownasset.com/about-us/. *Last visited* on 1/13/2021.

13. Crown's "*raison d'être*" (as that term was used in *Barbato v. Greystone Alliance, LLC*, 916 F.3d 260, 267 (3d Cir. 2019)) is obtaining payment on the debts that it acquires.

14. In 2019 Crown was the plaintiff in thousands of lawsuits that were filed seeking to collect from consumers various debts that Crown had purchased.

15. Upon information and belief, in 2020 Crown was the plaintiff in thousands of lawsuits that were filed seeking to collect from consumers various debts that Crown had purchased.

16. Crown purchases debt for the business purpose of liquidating that debt at profit.

17. Crown retains third parties, such as Pressler Felt and Warshaw, LLP, to collect the

2

debts that it purchases.

18. If those collection efforts are not successful, Crown does not resell the purchased debt at a profit. This allegation is likely to have evidentiary support after an opportunity for discovery.

## IV. Statement of Claim

19. Within the past year Crown was attempting to collect from Plaintiff an account that Plaintiff allegedly owed ("the Account").

20. The Account is a "debt" as that term is defined by the Act, 15 U.S.C. § 1692a(5).

21. While attempting to collect the Account, Crown was acting as a "debt collector" defined by the Act, 15 U.S.C. § 1692a(6).

22. Crown regularly uses the mails to attempt to collect consumer debts alleged to be due another.

23. Crown filed a civil lawsuit against Plaintiff in Magisterial Court 45-1-05 at Docket No. MJ-45105-cv-94-2020. ("the lawsuit")

24. A true and correct copy of the lawsuit is attached as Exhibit A.

25. Plaintiff resided at 1108 Community Drive, Scranton, PA 18504 at all times relevant to this matter.

26. Plaintiff's address is in Ransom Township, which is within the jurisdiction of District Court 45-3-01.

27. Plaintiff's address is *not* within the jurisdiction of District Court 45-1-05.

28. 15 U.S.C. § 1692i(a)(2) requires a debt collector to bring legal action on a debt against a consumer only in the judicial district in which the consumer signed the contract sued upon or in which the consumer resides at the commencement of the action.

3

29. Thus, Defendant did not sue Plaintiff in the correct forum.

30. By suing Plaintiff in the wrong forum, Defendant violated the Act, 15 U.S.C. § 1692i(a)(2).

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*[signature]*

Brett M. Freeman
Bar Number PA 308834
Attorney for Plaintiff
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000

## Certification of Compliance

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

*[signature]*

Brett M. Freeman

## Verification by Plaintiff Bonnie White

I affirm that the averments of fact contained in this pleading are true upon my personal knowledge or information and belief.

*[signature]*

Bonnie White

4

Exhibit A

# Signature Certificate

Document Ref.: HPCFD-YNPRR-ZZUUN-OS47C

Document signed by:



Document completed by all parties on:
**22 Jan 2021 19:48:39 UTC**
Page 1 of 1



Signed with **PandaDoc.com**

PandaDoc is the document platform that boosts your company's revenue by accelerating the way it transacts

